UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

-v.-

ERNESTO LUJAN,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**FINAL ORDER OF FORFEITURE**

13 CR 671 (DLC)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/2019

WHEREAS, on or about December 7, 2015, the Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Consent Order of Forfeiture") against ERNESTO LUJAN (the "Defendant") in the amount of $18,514,560 in United States currency (the "Money Judgment") (D.E. 34);

WHEREAS, on or about October 11, 2018, this Court entered a Consent Preliminary Order of Forfeiture as to Substitute Asset (the "Substitute Asset Order") (D.E. 51), which forfeited the Defendant's interest in the real property located at 14392 Rolling Rock Place, Wellington, Florida 33414, Parcel#: 73414417010610010 as a substitute asset pursuant to the United States (the "Substitute Asset" or "Wellington Property");

WHEREAS, the Substitute Asset Order directed the United States to publish, for at least thirty (30) consecutive days, notice of the Substitute Asset Order, notice of the United States' intent to dispose of the Substitute Asset, and the requirement that any person asserting a legal interest in the Substitute Asset must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). The Substitute Asset Order further stated that the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Substitute Asset and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, required publication of a notice of forfeiture and of the Government's intent to dispose of the Substitute Asset before the United States could have clear title to the Substitute Asset;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Substitute Asset was posted on an official government internet site (www.forfeiture.gov) beginning on October 30, 2018, for thirty (30) consecutive days, through November 28, 1018, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on April 30, 2019 (D.E. 68);

WHEREAS, Mireya Godoy ("Godoy") filed a petition asserting a 50% interest in the Wellington Property (D.E. 54);

WHEREAS, on or about December 13, 2018, the Court entered an Order of Sale, authorizing the United States Marshal Service ("USMS") to take possession of and sell the Wellington Property, with the resulting net sale proceeds to be held in an account as *substitute res* for the Wellington Property ("Order of Sale") (D.E. 57);

WHEREAS, on or about April 30, 2019, Godoy, with the consent of the Government, effected the sale of the Wellington Property, resulting in net proceeds of approximately $2,749,022.28. Of that amount, half ($1,374,511.14), representing Lujan's former interest in the Wellington Property, was deposited in the Seized Asset Deposit Fund Account (the "Lujan Interest Funds"). The other half, representing Godoy's interest in the Wellington Property, was provided to Godoy, with the consent of the Government (the "Godoy Interest Funds");

WHEREAS, pursuant to the Order of Sale, the Lujan Interest Funds and the Godoy Interest Funds, together, serves as substitute res for the Wellington Property;

WHEREAS, the Government does not assert any claim or interest in the Godoy Interest Funds;

WHEREAS, the Defendant and Godoy are the only individuals known by the Government to have a potential interest in the Wellington Property, including the Substitute Asset;

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Substitute Asset have been filed; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  All right, title and interest in the Lujan Interest Funds (i.e. the $1,374,511.14 held on deposit in the Seized Asset Deposit Fund Account) is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.  Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Lujan Interest Funds.

3.  The United States Marshal Service (or its designee) shall maintain possession of the Lujan Interest Funds and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

4. Any claims of the United States of America against the Godoy Interest Funds arising out of this matter are hereby released.

5. The Clerk of the Court shall forward four certified copies of this Final Order of Forfeiture to Assistant United States Attorney Alexander Wilson, Co-Chief, Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, Southern District of New York, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
      June _17_, 2019

                                SO ORDERED:

                                _____
                                HONORABLE DENISE L. COTE
                                UNITED STATES DISTRICT JUDGE